IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-65,981-01






EX PARTE ALEX DAVILA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR-96-461-A IN THE 22
NDJUDICIAL DISTRICT COURT


FROM HAYS COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to tampering with
a governmental record, and was sentenced to twelve years' imprisonment. 

 Applicant contends inter alia that his mandatory supervision was improperly revoked on the
basis of his failure to take a polygraph to determine the need for sex offender counseling, and his
refusal to be evaluated for sex offender counseling. Applicant alleges that he has no prior
convictions for sex offenses, and that it was therefore improper to impose such requirements as
conditions of his mandatory supervision. Applicant has alleged facts that, if true might entitle him
to relief. In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact.

 The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d), in
that it may order the Texas Department of Criminal Justice, Institutional Division to file an affidavit
stating whether Applicant has ever been convicted or adjudicated guilty of a "reportable" offense as
defined by Article 62.001(5) of the Texas Code of Criminal Procedure. The trial court may also
order depositions, interrogatories or a hearing. In the appropriate case, the trial court may rely on
its personal recollection. Id. If the trial court elects to hold a hearing, it shall determine whether
Applicant is indigent. If Application is indigent and wishes to be represented by counsel, the trial
court shall appoint an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art.
26.04.

 The trial court shall make findings of fact as to whether Applicant has ever been convicted
or adjudicated guilty of a "reportable" offense as defined by Article 62.001(5), and if so, the trial
court shall supplement the habeas record with copies of the indictment(s) and judgment(s) in any
such cause(s). If Applicant does not have a prior "reportable conviction," the trial court shall make
findings as to whether there was a sexual component to any of Applicant's prior or current offenses. 
The trial court shall make findings as to which condition(s) of mandatory supervision were allegedly
violated by Applicant, resulting in the revocation of his mandatory supervision. If Applicant's
mandatory supervision was revoked for failing to comply with conditions related to sex offender
treatment, the trial court shall make findings as to why sex-offender related conditions were imposed
in Applicant's case. The trial court shall also make any other findings of fact and conclusions of law
that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: December 20, 2006

Do not publish